IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| STACEY SHEPHERD, OBO A MINOR; | ) | CASE NO. 5:19-CV-02991 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Introduction**

Before me[1] is an action under 42 U.S.C. §402(g) by Stacey Shepherd, on behalf of

a minor J.S., seeking judicial review of the 2018 decision of the Commissioner of Social

Security that denied Shepherd's 2016 application for supplemental security income.[2] The

Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4]

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Donald C. Nugent. ECF No. 13.

[2] ECF No. 1.

[3] ECF No. 9.

[4] ECF No. 10.

1

Pursuant to my initial[5] and procedural[6] orders, the parties have filed briefs[7] and supporting charts[8] and fact sheets.[9] They have participated in a meet and confer with the objective of reducing and/or clarifying the issues in dispute[10] and have participated in a telephonic oral argument.[11]

For the following reasons, the decision of the Commissioner will be affirmed.

## Facts

### The ALJ's decision

J.S. was a pre-school child at the time of the hearing.[12] He was found to have the following severe impairments:

> Autistic disorder, motor skills developmental delay, and speech and language impairment.[13]

After determining that J.S. none of his severe impairments met or medically equaled a listing, the ALJ analyzed whether an impairment or combination of impairments functionally equaled a listing.[14] In that regard, the ALJ assessed the claims of J.S.'s

---

[5] ECF No. 6.
[6] ECF No. 11.
[7] ECF Nos. 15 (Shepherd), 18 (Commissioner), 19 (Shepherd reply).
[8] ECF Nos. 15, Attachment 1 (Shepherd chart), 18, Attachment (Commissioner chart).
[9] ECF No. 15, Attachment 2 (Shepherd fact sheet).
[10] ECF No. 20.
[11] ECF No. 22.
[12] Tr. at 14.
[13] *Id*.
[14] *Id*. at 15.

grandmother that J.S. has disability from his mental impairments.[15] The ALJ also considered testimony from a medical expert, Dr. Silberberg, which was given significant weight.[16] In addition, the ALJ gave:

- "some to significant weight" to the opinions of four state agency reviewing consultants;[17]

- "significant weight" to the opinions of two examining speech pathologists;[18]

- "significant weight" to the evaluation of a pediatric developmental physician;[19]

- "some weight" to various teacher questionnaires and the findings of the Stark County Board of Developmental Disabilities;[20] and

- "little weight" to Ms. Caitlin Bellinski of the Canton City Schools.[21]

From the evidence, the ALJ evaluated the six functional domains applicable to child functioning and found that J.S. has:

- *no limitation* as to (1) moving about and manipulating objects;[22]

- *less than marked limitation* as to (2) acquiring and using information,[23] (3) attending and completing tasks,[24] (4) interacting and relating with others,[25] and (5) health and physical wellbeing;[26] and,

- *marked limitation* as to (6) caring for himself.[27]

---

[15] *Id*. at 15-16.
[16] *Id*. at 16.
[17] *Id*.
[18] *Id*.
[19] *Id*.
[20] *Id*. at 17.
[21] *Id*.
[22] *Id*. at 20-21.
[23] *Id*. at 17-18.
[24] *Id*. at 18-19.
[25] *Id*. at 19-20.
[26] *Id*. at 22.
[27] *Id*. at 21.

Because J.S. did not have either "marked" or "extreme" limitation in two domains of functioning, he was found not disabled.[28]

Shepherd's Position

Shepherd essentially argues that the ALJ erred in failing to find a "marked" limitation in J.S.'s ability to interact with others.[29]To that point, Shepherd raises three arguments:

1.      The ALJ erred in his analysis of medical expert opinion of Dr. Silberberg, giving little explanation for the weight assigned, especially since the expert erroneously applied agency rules, failed to consider critical evidence and conflated test results.[30]

2.      The ALJ erred in evaluating the opinion of Caitlin Bellinski.[31]

3.      The ALJ erred in evaluating the opinion of J.S.'s grandmother.[32]

The Commissioner's Position

Essentially the Commissioner argues that the ALJ's finding was supported by the record and that Shepherd is impermissibly asking the reviewing court to reweigh the evidence. He contends that the finding of a less than marked ability to interact with others is supported by a 2016 speech and language evaluation where J.S.'s communication skills

---

[28] *Id*. at 23.
[29] ECF No. 15 at 6.
[30] *Id*. at 7-14.
[31] *Id*. at 14-16.
[32] *Id.*at 17-20.

were less than two standard deviations from the mean, as would be found in a "marked" limitation.[33] He further argues that this finding is supported by the opinion of speech pathologist Pursely, who personally evaluated J.S.[34]

As specifically to Dr. Silberg, the Commissioner notes that the regulation Dr. Silberg purportedly violated applies only to adjudicators like the ALJ and not to medical experts.[35] Further, the ALJ was not required to discuss every detail of Dr. Silberg's testimony, which the ALJ found "generally consistent" with the evidence, not entirely consistent.[36] The fact that Dr. Silberg mistakenly read a report to find that J.S. had high functioning autism instead of a high level of autism symptoms, does not invalidate that the ALJ is only required to explain the general weight given to non-examining sources.[37]

Likewise, the Commissioner asserts that the ALJ properly assessed the opinions of Caitlin Bellinski and J.S. grandmother.[38] He maintains that substantial evidence supports the evaluation given to these two opinions and that Shepherd is simply asking the reviewing court to re-weigh the evidence so as to reach a conclusion more favorable to her.[39]

As to this last point, Shepherd contends in her reply that her case is not based on an argument over substantial evidence, but arises because she claims that the ALJ committed

---

[33] ECF No. 18 at 4.
[34] *Id.* at 6.
[35] *Id.* at 7.
[36] *Id.* at 8.
[37] *Id.* at 9.
[38] *Id.* at 9-11.
[39] *Id.*

"multiple legal errors" that resulted in him failing to build an accurate and logical bridge between the evidence and the result.[40]

## Analysis

<u>Standard of review</u>

I note initially that the parties have a fundamental difference as to the standard of review to be employed. The Commissioner contends that Shepherd is seeking an impermissible "re-weighing" the evidence, which claims should then be reviewed under the well-established substantial evidence test.[41] Shepherd, for her part, argues that her "argument is not based on substantial evidence, but on the multiple legal errors committed by the administrative law judge in the evaluation of the evidence."[42] To that point, she essentially the ALJ committed errors of law by: (1) "ignor[ing] significant evidence;"[43] (2) giving significant weight to Dr. Silberberg's opinion that was formed in a misunderstanding of the applicable standard[44] and itself ignored evidence;[45] and (3) ignored evidence as it relates to the opinions of Caitlin Bellinski[46] and J.S.'s grandmother.[47]

---

[40] ECF No. 19 at 1-2.
[41] ECF No. 18 at 2-3.
[42] *Id*. at 1.
[43] ECF no. 19 at 2.
[44] *Id*. at 2.
[45] *Id*. at 5
[46] *Id*. at 6.
[47] *Id*.at 7.

As related to claims that an ALJ ignored evidence or "cherry-picked" the evidence to use only that which favored a predetermined outcome, the Sixth Circuit has held that a "cherry-picking" argument is actually a call to re-weigh the evidence, which is resolved under the substantial evidence standard.[48] In that regard, the case authority is clear that an ALJ is not required to discuss all the evidence and the fact that evidence was not discussed does not mean it was not considered or ignored.[49] That said, it is also clear that the ALJ may not ignore evidence that does not support his decision and in particular "must mention or refute contrary, objective medical evidence presented to him."[50]

<u>Application</u>

As to Dr. Silberberg's opinion, I find no error in his citation to J.S. being two standard deviations below the mean. There is no doubt that the regulations list that as factor in finding that there is a marked impairment in a domain.[51] I am not certain how to evaluate Shepherd's contention that it was an error of law for Dr. Silberberg to be "unduly focused" on a clearly stated feature of an  applicable regulation in fashioning his opinion.[52]

Similarly, I am unclear as to how to apply Shepherd's assertion that Dr. Silberberg put "undue weight"[53] on Dr. Holan's conclusion that J.S. has "high functioning autism."[54]

---

[48] *White v. Comm'r*, 572 F.3d 272, 285 (6th Cir. 2009).
[49] *Simons v. Barnhart*, 114 Fed. Appx. 727, 733 (6th Cir. 2009).
[50] *Ripley v. Comm'r*, 415 F.Supp. 3d 752, 765 (N.D. Ohio 2019) (internal quotation and citation omitted).
[51] 20 C.F.R. § 416.926a(e)(2)(i).
[52] ECF No. 15 at 9.
[53] *Id*.
[54] Tr. at 291.

Again, there is no doubt that Dr. Holan made that diagnosis. That Shepherd now seeks to highlight other parts of Dr. Holan's findings does amount to an attempt to reweigh the evidence. The ALJ discussed Dr. Holan's opinion in some detail in connection with the domain of acquiring and using information,[55] as well as in the domains of interacting and relating with others[56] and caring for yourself.[57] He also assigned weight to Dr. Holan's opinion and gave reviewable reasons for that weight.[58]

Accordingly, I find no error of law in the ALJ's treatment of Dr. Holan's opinion in that he clearly did not ignore it and also clearly discussed it. I further find no legal error in the fact that Dr. Silberberg relied on Dr. Holan's diagnosis that J.S. has high functioning autism. Shepherd's claim that he should not have done so, or attributed less weight to that diagnosis, goes to whether the ALJ had good reasons for giving the weight he did to Dr. Silberberg's opinion, which is a substantial evidence argument.

As to the argument that Dr. Silberberg mistakenly used a "whole child" approach when formulating his opinion as to the severity of a J.S.'s impairment in a domain, I note that the "whole child" analysis is the first step of two steps when determining functional equivalence. Specifically, the ALJ starts with a whole child approach to functioning in all

---

[55] *Id*. at 18.
[56] *Id.* at 20.
[57] *Id*. at 22.
[58] *Id*. at 16.

areas and then proceeds to determine the child's limitations in the individual domains based on answers to five questions.[59]

Once again, Shepherd attempts to make any error by Dr. Silberberg, a witness, in formulating his opinion into an independent ground for reversing the ALJ's decision that, in part, relied on that opinion. In fact, as the Commissioner argues, it is the ALJ's decision that is reviewed by the federal court, which has no mandate to undertake a *de novo* review of the grounds for a witness's opinion. If the opinion is the result of some mistake of law, it is the ALJ who is responsible for improperly crediting it and the reviewing court examines the ALJ's decision under the substantial evidence standard.

The ALJ gave Dr. Silberberg's opinion significant weight because his opinion was "generally consistent with the claimant's medical/school records, treatment history, and the testimony of his grandmother."[60] The ALJ further noted that Dr. Silberberg is a medical expert that reviewed the entire record and was present at the hearing.[61] As to the specific domain of interacting and relating with others, I note that the dominant reasons cited for the finding that J.S. has less than marked limitations are a 2017 IEP note from the schools, Dr. Holan's 2016 opinion and state agency forms.[62] Dr. Silberberg is mentioned after all

---

[59] *Colbert o/b/o JVR v. Comm'r*, 2019 WL 3315734, at *14 (E.D. Mich. March 27, 2019) (citations omitted), report and recommendation adopted, 2019 WL 25598013 (E.D. Mich. June 21, 2019).
[60] Tr. at 16.
[61] *Id*.
[62] *Id*. at 20.

the above sources and then only to say that his testimony "supported" the earlier mentioned findings.[63]

Once again, I can find no error of law in how the ALJ proceeded here. Moreover, even if I were to conclude that substantial evidence does not support giving great weight to Dr. Silberberg's opinion as to this domain because he purportedly gave that opinion while misconstruing regulations, such error would be harmless because, as noted, the finding of less that marked limitation in this domain is actually based on other sources, while Dr. Silberberg is merely cited as supporting the findings of others.

As to Caitlin Bellinski's opinion, the ALJ gave it "little weight," noting that her opinion that J.S. has a marked limitation in acquiring and using information, as well as extreme limitations in attending and completing tasks, interacting with others, and caring for self are inconsistent with the record as a whole.[64] While a more complete statement by the ALJ that contrasted Bellinski's opinion with the language of J.S. 2017 IEP that Bellinski helped prepare could have been helpful,[65] it is nevertheless true that Bellinski's functional opinion was, as the ALJ noted, an outlier among the opinions reviewed and that alone is a good reason for assigning lesser weight to it.[66]

Finally, as to the testimony of J.S. grandmother, Shepherd seeks to reweigh the evidence. Her argument that a legal error was made centers on the allegation that by

---

[63] *Id.*

[64] *Id.* at 17.

[65] See, ECF No. 18 at 9. The Commissioner pointed out the contrast here, not the ALJ.

[66] See, *Shields v. Comm'r*, 732 Fed. Appx. 430, 440 (6th Cir. 2018).

"ignoring" the grandmother's testimony the ALJ failed to view J.S.'s impairments in light of his home situation, focusing instead exclusively on his actions at school[67] In fact, the ALJ made a point of saying, while giving some weight to the opinions of "various teacher/school psychologist questionnaires and assessments , and the Stark County Board of Developmental Disabilities" that "the claimant's teachers and school psychologists interacted with him on a daily basis and are in a unique position to observe his behavior."[68] In so doing, the ALJ addressed the issue of daily functioning and gave good reasons for the weight given. The fact that Shepherd would now modify that weight and/or modify those opinions to give greater weight to her opinions is an assertion that substantial evidence does not exist to support the ALJ's finding. I find that substantial evidence does support those findings.

## Conclusion

For the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: March 29, 2021                          s/William H. Baughman Jr.
                                               United States Magistrate Judge

---

[67] ECF No. 15 at 19.
[68] Tr. at 17.

11